■ NANCY L. HOCKERT et al., Respondents, v SUN AND SURF BEACH CLUB, INC., Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Sun and Surf Beach Club, Inc., appeals from a judgment of the Supreme Court, Queens County, entered March 22, 1977, which, upon a jury verdict, is in favor of plaintiff Nancy Hockert in the sum of $200,000 and plaintiff Jenkin Hockert in the sum of $50,000. Judgment insofar as it is in favor of plaintiff Nancy Hockert, affirmed, without costs or disbursements. Judgment insofar as it is in favor of plaintiff Jenkin Hockert, reversed, on the law, and as between said plaintiff and appellant, action severed and new trial granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after entry of the order to be made hereon, the said plaintiff shall serve and file in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict in his favor to $10,000, and to the entry of an amended judgment accordingly, in which event, the judgment in his favor, as so reduced and amended, is affirmed, without costs or disbursements. The verdict in favor of plaintiff Jenkin Hockert was excessive to the extent indicated herein. Hopkins, J. P., Martuscello, Titone and Hawkins, JJ., concur.

■ NAVAS MANAGEMENT CORP. et al., Appellants, v NEW YORK PROPERTY INSURANCE ASSOCIATION et al., Respondents.—In an action, inter alia, on a policy of fire insurance, plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County, entered September 7, 1977, as denied their motion for summary judgment and an assessment of damages. Order modified, on the law, by adding to the first decretal paragraph thereof, after the word "denied", the following: "as to the second cause of action and summary judgment is granted to plaintiff son their first cause of action". As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to appellants, and action remanded to Special Term for an assessment of damages. Despite the ample opportunity for investigation and the examination before trial availed of by the defendant insurer, it has come forward with no significant admissible evidence to connect the plaintiffs with the alleged arson of their own premises. In the absence of a triable issue of fact, partial summary judgment on the issue of defendant's liability on the first cause of action must be granted. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.